Jeffrey A. Milman, Esq., SBN 99072
HODES MILMAN LIEBECK, LLP
9210 Irvine Center Drive
Irvine, California  92618
(949) 640-8222
Fax:  (949) 336-8114

Attorneys for Plaintiffs,
MATTHEW TATE AND STACY TATE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW TATE and STACY TATE,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | ) Case No.:<br>) Judge:<br>) Dept.:<br>)<br>) COMPLAINT FOR:<br>)<br>)     1.  MEDICAL NEGLIGENCE;<br>)     2.  LOSS OF CONSORTIUM<br>)<br>) |

COME NOW Plaintiffs, MATTHEW TATE and STACY TATE and allege and complain as follows:

### GENERAL ALLEGATIONS

1.      This action arises under the Federal Tort Claims Act of 1948, 62 Stat. 982, 28 U.S.C. 1346, 2671, et seq.

2.      Pursuant to 32 CFR 750.32, venue in suits brought under the Federal Tort Claims Act is proper only in the judicial district where the plaintiff resides or where the act or omission complained of occurred. In the above-entitled action, Plaintiffs are bringing this suit based upon improper medical services MATTHEW TATE underwent at the

1

Veterans Affairs Medical Center in Long Beach, CA ("VA Long Beach"). Therefore, venue is proper in the Central District of California.

3.    On September 26, 2017, Administrative Tort Claims for damages for personal injury were served on behalf of MATTHEW TATE and STACY TATE pursuant to 28 United States Code Section 2401 and 28 United States Code Section 2671 through 2680. The Department of Justice received said claims on October 10, 2017, and the Department of Veterans Affairs received them on October 2, 2017. Said Tort Claims arose from acts or omissions undertaken by an agent and/or employee of Defendant UNITED STATES OF AMERICA and the VA Long Beach, Rachel Stuart, Ph.D. Said acts or omissions occurred both at the VA Long Beach facility and outside the facility and occurred for a period of time that ended in approximately August of 2016.

4.    The Department of Veterans Affairs has not yet denied these claims. Thus, Plaintiffs now file the instant Complaint.

5.    That at all times herein mentioned, Defendants, and each of them, were the agents, joint venturers, servants, employees, assistants, consultants and the like of their co-defendants, and were, as such, acting within the course and scope of such agency; that each and every Defendant was negligent in the selection, hiring, monitoring, and continued employment of each and every other Defendant as an agent, servant, employee, assistant, and consultant.

## FIRST CAUSE OF ACTION
### (Medical Negligence)

6.    Plaintiffs, MATTHEW TATE and STACY TATE, re-allege and incorporate by reference paragraphs 1 through 5 as though set forth at length herein.

7.    That Plaintiff MATTHEW TATE engaged for compensation the services of Defendants, and each of them, to examine, diagnose, provide therapy to, treat, handle, control and seek competent consultant advice for the care, treatment and diagnosis of a medical problem involving Plaintiff MATTHEW TATE's well-being, and perform the necessary tests and therapy for the treatment of said problem, if same were required.

2

COMPLAINT FOR MEDICAL NEGLIGENCE; LOSS OF CONSORTIUM

8.     That Defendants, and each of them, undertook to handle and control the care and treatment of Plaintiff MATTHEW TATE and to seek whatever consultant advice was reasonably necessary for the treatment of Plaintiff MATTHEW TATE.

9.     That in the aforementioned examinations, diagnoses, therapy, and the handling and control of the care and treatment of Plaintiff MATTHEW TATE by Defendants, and each of them, the Defendants negligently and tortiously failed to possess or exercise that degree of knowledge or skill that would ordinarily be possessed and exercised by psychologists, psychotherapists, physicians, hospitals, nurses, attendants, medical clinics, and the like, engaged in said professions in the same locality as Defendants, and each of them, in that said Defendants, and each of them, negligently and unlawfully failed to properly and correctly render care and treatment to Plaintiff MATTHEW TATE. Specifically, while providing treatment to Plaintiff MATTTHEW TATE, which involved the provision of psychotherapy, an agent and/or employee of Defendant UNITED STATES OF AMERICA and the VA Long Beach, Rachel Stuart, Ph.D., engaged in inappropriate conduct with Mr. TATE.

10.     That with respect to the duties, responsibilities and liabilities of the Defendant, UNITED STATES OF AMERICA, Defendant negligently, or in some other actionable manner referred to hereinabove failed to comply with the applicable legal standard.

11.     That as a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff MATTHEW TATE sustained serious and severe injuries, including mental and emotional anxiety and damage to his marital relationship, and said injuries have caused, and will continue to cause Plaintiff to sustain mental and emotional anxiety and damage to his marital relationship, all to his general damages according to proof at the time of trial.

12.     As a further, direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff MATTHEW TATE was compelled to and did employ the services of other healthcare providers to handle and care for his treatment, and

3

COMPLAINT FOR MEDICAL NEGLIGENCE; LOSS OF CONSORTIUM

did incur medical, professional and incidental expenses; that Plaintiff MATTHEW TATE is informed and believes and based upon such information and belief alleges that he will necessarily and by reason of his injuries incur additional like expenses for an indefinite period of time in the future; that Plaintiff MATTHEW TATE will ask leave of court to amend this allegation once said amounts have been ascertained.

13.     That as a further direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff MATTHEW TATE has sustained and will in the future sustain loss of earnings, and loss of earning capacity, in an amount not presently ascertainable to Plaintiffs, who will seek leave of court to amend this complaint to allege the amount of said losses when the same have been ascertained.

## SECOND CAUSE OF ACTION

### (Loss of Consortium)

14.     Plaintiffs, MATTHEW TATE and STACY TATE, re-allege and incorporate by reference paragraphs 1 through 13 as though set forth at length herein.

15.     That at all times herein mentioned, MATTHEW TATE and STACY TATE were husband and wife, residing together in a marital relationship.

16.     That prior to his injuries alleged above, Plaintiff MATTHEW TATE was able to and did perform his duties as a husband and spouse.  However, subsequent to the injuries to Plaintiff MATTHEW TATE, as alleged above, and as a proximate cause thereof, he has been unable to perform such work and services.  By reason thereof, Plaintiff STACY TATE has been permanently injured and damaged, and their marital harmony has been severely disrupted, and Plaintiff STACY TATE has been deprived of the consortium of her husband, all to her damage in a sum which will conform to proof at the time of trial.

/ / /

/ / /

/ / /

/ / /

/ / /

4

COMPLAINT FOR MEDICAL NEGLIGENCE; LOSS OF CONSORTIUM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, MATTHEW TATE and STACY TATE, pray for judgment against the Defendant, UNITED STATES OF AMERICA, as follows:

1.     For general damages according to proof at the time of trial;

2.     For medical and other special damages, past, present and future, according to proof at the time of trial;

3.     For loss of earnings and loss of earning capacity, according to proof at the time of trial;

4.     For loss of consortium;

5.     For costs of suit and reasonable attorney's fees incurred herein; and

6.     For such other and further relief as the Court may deem just and proper.

Dated: *4/5/18*

HODES MILMAN LIEBECK, LLP

By:    JEFFREY A. MILMAN
Attorneys for Plaintiffs,
MATTHEW TATE and STACY TATE

COMPLAINT FOR MEDICAL NEGLIGENCE; LOSS OF CONSORTIUM